IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CLAREDI CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4-04CV01304RWS |
| | § | |
| SEEBEYOND TECHNOLOGY | § | |
| CORPORATION AND EDIFECS | § | |
| | § | |
| Defendants, | § | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITON TO DEFENDANT'S MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGEMENT AND REQUEST FOR ADDITIONAL TIME TO SUPPLEMENT OPPOSITION

Pursuant to FED. RULE CIV. PRO. 12(b), and 56, and LOCAL RULE 4.01, Plaintiff, Claredi Corporation files this memorandum in opposition to the Motion of Defendant SeeBeyond Technology to Dismiss First Amended Complaint and for Summary Judgment and request for additional time to supplement opposition. In opposition to the relief requested, Plaintiff states as follows:

### I.

### Procedural Background

1.      Plaintiff filed this suit on September 24, 2004. On November 30, 2004 Defendant SeeBeyond answered the lawsuit. The amended complaint includes claims for (1) breach of contract, (2) quantum meruit, (3) trademark infringement, (4) conversion, (5) misappropriation of trade secrets, (6) unfair competition, (7) intentional interference with prospective advantage, (8) intentional interference with contract, (9) inducing breach of contract, and (10) conspiracy. On May 11, 2005 Defendant SeeBeyond filed a motion to dismiss the first amended complaint and for partial summary judgment. In that

motion, Defendant requests the Court dismiss claim numbers (2), (4), (6), (7), (8), (9), and (10) for failure to state a claim upon which relief can be granted under California law. Further, Defendant requests the Court to determine as a matter of law that Plaintiff's damages are limited to $14,400.00. Plaintiff is simultaneously filing a Rule 56(f) declaration with this Memorandum in Opposition requesting additional time to conduct discovery and file supplementary materials.

## II.

## Argument and Authorities

## A. MOTION TO DISMISS

3.     Defendant SeeBeyond requests that the Court dismiss claims two, four, six, seven, eight, nine and ten of Plaintiff's amended complaint on the grounds that they fail to state a cause of action under California law. Respectively, those claims are for quantum meruit, conversion, unfair competition, intentional interference with prospective advantage, intentional interference with contract, inducing breach of contract, and conspiracy. It is Plaintiff's position that the referenced claims state causes of action under California law. Plaintiff has complied with the notice requirements of the Federal Rules of Civil Procedure in pleading its claims. *See,* FED. RULE CIV. PRO. 8; *Ethex Corp. v. First Horizon Pharm. Corp.*, 228 F. Supp. 2d 1048, 1050 (E.D. Mo. 2002). California pleading requirements are not determinative. *See, Mazda Motor Corp. v. Waldo*, 75 F.3d 1252, 1258 (8th Cir. 1996). In any event, if an issue exists as to the specificity of its claims, Plaintiff should be afforded an opportunity to replead. *Becker vs. Univ. of Neb. at Omaha,* 191 F.3d 904, 908 (8th Cir. 1999). Further, it is Plaintiff's position that Defendant's motion to dismiss in fact violates the spirit of Rule 7(c), which provides that

*"Demurrers, pleas, and exceptions for insufficiency of a pleading shall not be used."*

FED. RULE CIV. PRO. 7(c). Defendant's specific requests for dismissal can be addressed

as follows:

### Claim Two: Quantum Meruit

***Claredi pleads in the alternative and seeks to recover benefits received by Defendant***

4.      Defendant asserts that Plaintiff's claim for quantum meruit should be dismissed

for two reasons. These reasons are (1) that quantum meruit does not supply an alternative

method to recover for breach of an express contract, and (2) that Plaintiff seeks to recover

for the loss of benefit to Plaintiff. In both instances, Defendant overlooks the obvious.

First, the California cases cited by Defendant do not preclude a plaintiff pleading

quantum meruit in the alternative to breach of contract, they merely preclude a plaintiff

from recovering under quantum meruit where a valid express contract provides for agreed

compensation. FED. RULE CIV. PRO. 8(a) specifically provides that *"Relief in the*

*alternative or of several different types may be demanded."* The rule further provides in

subparagraph 8(e)(2) that *"A party may also state as many separate claims or defenses as*

*the party has regardless of consistency and whether based on legal, equitable or*

*maritime grounds."* Case law specifically provides that *"in light of the liberal pleading*

*policy embodied in Rule (8)(e)(2) ...a pleading should not be construed as an admission*

*against another alternative or inconsistent pleading in the same case." McCladen v. Cal.*

*Library Assoc.* 955 F.2d 1214, 1219 (9th Cir. 1992) *quoting Molsbergen v. U.S.*, 757 F.2d

1016, 1019 (9th Cir. 1985). Further, quantum meruit and breach of contract claims are

routinely plead in the alternative, even in California. *See Rader Co. v. Stone,* 178 Cal.

App. 3d 10 (1986).    Second, Defendant's claim that Plaintiff, by its quantum meruit

claim, seeks to recover the loss of benefit to Plaintiff is unfounded. Defendant wholly ignores the specific language contained at page 11 to the amended complaint in paragraph 47, which provides that: *"SeeBeyond has benefited from the goods and services provided by Claredi,"* and paragraph 50 which provides that *"SeeBeyond has yet to fully compensate Claredi for the goods and service it received."* In short, Plaintiff's claim for quantum meruit recovery is plead in the alternative and does not seek to recover the loss of benefit to Plaintiff. Plaintiff's claim for quantum meruit recovery states a cause of action under California law.

**Claim Four: Conversion**

*Claredi alleges ownership interest*

5.  Defendant asserts that Plaintiff's claim for conversion should be dismissed for the reason that Plaintiff failed to allege an ownership interest. Defendant again chooses to ignore specific language contained in the amended complaint at page 5 paragraph 16, that provides:

> *This Grandfather System was to be made available to SeeBeyond's customers on a limited, **temporary basis**... (emphasis added)*

and at page 12 paragraph 55 that provides:

> *SeeBeyond **converted Claredi systems** to its own use, by modifying those systems to make them fully functional, and allowing SeeBeyond customers to use the systems to conduct testing operations that were **not authorized**. (emphasis added)*

In short, Plaintiff's claim for conversion alleges an ownership interest with sufficient specificity to meet the notice pleading requirement of the FED. RULE CIV. PRO. 8(a) and to state a cause of action under California law.

## Claim Six: Unfair Practices Act

*Claredi alleges violation of the act*

6.      Defendant asserts that Plaintiff's claim for violation of the Unfair Practices Act should be dismissed because the complaint does not allege SeeBeyond committed any act in violation of the Act.  Again, Defendant overlooks the obvious.  Plaintiff in its amended complaint at page 7, paragraph 25 specifically alleges that:

> *SeeBeyond has also directly interfered with Claredi's outside sales arrangements, representing to several customers that SeeBeyond is no longer working with Claredi and in the future SeeBeyond is not going to be using either the modified Grandfather System or the Integrated Product for HIPAA transaction compliance testing, but that SeeBeyond will be delivering its new superior HIPAA transaction compliance testing program to its current customers free of charge as part of its larger system suite.*

Additionally, paragraph 26 specifically alleges that in the summer of 2004 Claredi lost at least five Faciledi sales because of SeeBeyond requesting customers not buy Faciledi and offering free HIPAA transaction compliance testing software.  Further, Plaintiff, in its amended complaint a page 9 paragraph 36, specifically alleges that at meetings held in California SeeBeyond and Edifecs conspired with each other to engage in unfair competition by converting Claredi's systems and giving away HIPAA systems for the purpose of putting Claredi out of business.  Section 17043 of California's Unfair Practices Act makes it unlawful for any person engaged in business in the State of California to sell any article or product at less than the cost thereof to such vendor, or give away any article or product for the purpose of injuring competitors or destroying competition.  Section 17044 makes it unlawful of any person engaged in business within the State of California to sell or use any article or product as a "loss leader" as defined in Section 17030.  Section 17030 defines a "loss leader" as:

*Any article or product sold at less than cost:*
*(a) Where the purpose is to induce, promote, or encourage the purchase of other merchandise; or*
*(b) Where the effect is a tendency or capacity to mislead or deceive purchasers or prospective purchasers; or*
*(c) Where the effect is to divert trade from or otherwise injure competitors.*

Section 17024 defines article or product to include "any article, product, commodity, thing of value, service or output of a service trade." Section 17048 makes it *"unlawful for any manufacturer, wholesaler, distributor, jobber, contractor, broker, retailer, or other vendor, or any agent of any such person, jointly to participate or collude with any other such person in violation of this chapter."* Section 17071 of the Act provides that:

*In all actions brought under this chapter proof of one or more acts of selling or giving away any article or product below cost or at discriminatory prices, together with proof of the injurious effect of such acts, is presumptive evidence of the purpose or intent to injure competitors or destroy competition.*

In short, Plaintiff has specifically alleged that Defendant SeeBeyond has committed wrongful acts under the California Unfair Practices Act, and that those acts had an injurious effect on Plaintiff.

### Claim Seven: Intentional Interference with Prospective Economic Advantage

*Claredi alleges existence of economic relationship*

7.     Defendant asserts that Plaintiff's claim for intentional interference should be dismissed because Plaintiff's claim does not allege the existence of an economic relationship between the Plaintiff and another, containing a probable future economic benefit or advantage to Plaintiff. Again, Defendant overlooks the obvious. Plaintiff's amended complaint at page 7, paragraph 25, specifically alleges that:

> *SeeBeyond has also directly interfered with Claredi's outside sales arrangements, representing to several customers that SeeBeyond is no longer working with Claredi and in the future SeeBeyond is not going to be using either the modified Grandfather System or the Integrated Product for HIPAA transaction compliance testing, but that SeeBeyond will be delivering its new superior HIPAA transaction compliance testing program to its current customers free of charge as part of its larger system suite.*

Additionally, paragraph 26 specifically alleges that in the summer of 2004 Claredi lost at least five Faciledi sales because of SeeBeyond's request that customers not buy Faciledi and by offering free HIPAA transaction compliance testing software instead. Under California Law the tort of interference with a prospective economic advantage does not require interference with a relationship that has ripened into a contract, but the law merely requires interference with one which has that potential. It is a question of fact whether the business relationship between the Plaintiff and third party is sufficient to support the tort. See *Tri-Growth Ctr. City v. Silldorf, Burdman, Duignan & Eisenberg,* 216 Cal. App. 3d 1139, 1154 (1989).

## Claims Eight, Nine and Ten: Contract Issues

*Defendants interference with numerous contracts not its own*

8.     Defendant asserts that Plaintiff's claims eight, nine, and ten: contract Issues should be dismissed because the damages Plaintiff seeks relate to a conspiracy on the part of Defendants Edifecs and SeeBeyond to interfere with the Agreement between Plaintiff and SeeBeyond. SeeBeyond, again, chooses to overlook the obvious. All three claims seek damages of and from Defendants for all damages suffered by the Plaintiff, including damages resulting from the interference with various agreements. In any event, joint tortfeasors and conspirators are jointly and severally responsible for the resulting damages. The torts Defendant allegedly conspired to commit include misappropriation of

trade secrets, violation of the California Unfair Practices Act, and conversion. *See, The People v. First Fed. Credit Corp.,* 104 Cal. App. 4th 721, 734 (2003).

## B. MOTION FOR PARTIAL SUMMARY JUDGMENT

**Limitation of damages prohibited by California statute and public policy**

9.      Defendant SeeBeyond requests the Court to determine as a matter of law that Plaintiff's damages are limited to $14,400.00.  The grounds for this request are that: (1) contractual language, arguably, limits SeeBeyond's liability to Claredi; and (2) that California law authorizes such limitations.  The contractual language relied upon by SeeBeyond provides as follows:

> *7.3 Limitation of Damages and Liability. NEITHER PARTY SHALL BE LIABLE FOR ANY INDIRECT, INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING BUT NOT LIMITED TO LOSS OR ANTICIPATED PROFITS, BENEFITS, EVEN IF THE PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.*
> *"EXCEPT FOR DAMAGES DUE TO BREACH OF THE OBILIGATIONS UNDER SECTION 4, 6, 8 AND/OR 11.7 (FOR CLAREDI ONLY) , EACH PARTY'S AGGREGATE LIABILTY TO THE OTHER FOR ALL LOSS AND DAMAGE **WHETHER IN NEGLIGENCE, CONTRACT OR OTHERWISE,** ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT SHALL IN ANY EVENT BE LIMITED SO THAT SEEBEYOND WOULD  BE LIABLE TO PAY CLAREDI NO MORE THAN THE SUM OF THE MONIES PAID TO SEEBEYOND  BY CLAREDI UNDER THIS AGREEMENT AND SO THAT CLAREDI WOULD BE LIABLE TO PAY SEEBEYOND NO MORE THAN THE SUM OF THE MONIES PAID TO CLAREDI BY SEEBEYOND UNDER THIS AGREEMENT. (emphasis added)*

10.      **Defendant misstates California Law.**  Defendant neglects to mention that contractual liability limitations in California routinely fail where prohibited by statute or run contrary to public policy.  This is the case even where sophisticated commercial parties are involved.  California law contains at least two statutes outlining circumstances

under which contractual limitations will not be upheld. The first is California Civil Code § 1668 which makes certain contracts unlawful. Those include:

> *CERTAIN CONTRACTS UNLAWFUL. All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or **willful injury** to the person or property of another, or **violation of law**, whether willful or negligent, are against the policy of the law. (emphasis added)*

In the case at hand, Plaintiff in addition to its breach of contract claim has alleged trademark infringement, conversion, misappropriation of trade secrets, unfair competition, intentional interference with prospective advantage, intentional interference with contract, inducing breach of contract, and conspiracy. All of these are tort claims that involve willful injury to the property of another and violation of the law. The attached Declaration of Dr. Kepa Zubeldia attached to Plaintiff's Statement of Material Fact at Issue outlines facts supporting these claim. California courts have interpreted the statute to make agreements to limit liability for intentional torts invalid, including intentional interference with prospective business advantage. *See, McQuirk v Donnelly,* 189 F.3d 793, 796 (9th Cir. 1999). It is **interesting to note** that the contract language relied on by Defendant does not reference torts. One might ask if a contract purporting to limit liability for an intentional tort is void under California law, permitting recovery under quantum meruit.

In addition, the California Unfair Practices Act specifically provides for the recovery of damages for violation of its provisions at § 17082 as follows:

> *In any action under this chapter, it is not necessary to allege or prove actual damages or the threat thereof, or actual injury or the thereof, to the plaintiff. But in addition to injunctive relief, any plaintiff in any such action shall be entitled to recover three times the amount of actual damages, if any, sustained by the plaintiff, as well as three times the actual*

*damages, if any, sustained by any person who has assigned to the plaintiff his claim for damages resulting from a violation of this chapter.*

*In any action under this chapter in which judgment is entered against the defendant the plaintiff shall be awarded a reasonable attorney's fee together with the costs of suit.*

Allowing wrongdoers to contractually limit this liability would defeat the announced purposes of this Act, which is stated at §§ 17001 and 17002. § 17001 states that:

> *The Legislature declares that the purpose of this chapter is to safeguard the public against the creation or perpetuation of monopolies and to foster and encourage competition, by prohibiting **unfair, dishonest, deceptive, destructive,** fraudulent and discriminatory practices by which fair and honest competition is destroyed or prevented.*

§ 17002 states that:

> *This chapter shall be **liberally construed** that its beneficial purposes may be subserved. (emphasis added)*

The second California Statute provides that a damage limitation relating to the sale of goods does not apply where a remedy fails of an essential purpose. The California Commercial Code at § 2719(2) and (3) provides that:

> *"(2) Where circumstances cause an exclusive or limited **remedy to fail** of its essential purpose, remedy may be had as provided in this code.*
> *(3) Consequential damages **may be limited or excluded unless** the limitation or exclusion is **unconscionable.**" (emphasis added)*

Remedies provided for under the California Commercial Code include § 2708. Seller's damages for non-acceptance or repudiation, that provides in subsection (2):

> *If the measure of damages provided in subdivision (1) is inadequate to put the seller in as good a position as performance would have done then the measure of damages is the profit (including reasonable overhead) which the seller would have made from full performance by the buyer, together with any incidental damages provided in this division (Section 2710), due allowance for costs reasonably incurred and due credit for payments or proceeds of resale.*

Courts applying this Statute have readily expunged contractual limitations of liability in commercial settings where the facts warrant. *See, RRX Ind. v. Lab-Con,,* 772 F.2d 543 (9th Cir. 1985).  The court in RRX Industries, in setting aside the limitation clause, stated that:

> *[e]ach case must stand on its own facts. S.M. Wilson, 587 F. 2d  at 1378, quoted in Fiorito, 747 F.2d at 1314. The facts here justify the result. Neither bad faith nor procedural unconscionability is necessary under California Commercial Code §2719(2). It provides an independent limit when circumstances render a damages limitation clause oppressive and invalid. See Fiorito, 747 F 2d. at 1314 – 15. The award of consequential damages was proper.*

*See In re Mesa Bus. Equip.  Debtor. Mesa Bus.Equip.,  v. Ultimate S. Cal., Inc..* 931 F2d.60, 1991 WL 66272 (9th Cir.1991*) unpublished.*

Obviously, damage to reputation may well be recoverable under a number of theories.

## C. REQUEST FOR ADDITIONAL TIME TO SUPPLEMENT OPPOSITION

In accordance with FED. RULE CIV. PRO. 56(f), Claredi seeks an order allowing Claredi at least 120 days in additional time to file a supplemental response to SeeBeyond's motion for partial summary judgment so that Claredi can take the depositions of the witnesses identified in the Declaration of H. N. Cunningham III attached hereto as Appendix A. The additional time requested will allow Claredi to ensure the recently added Defendant, Edifecs, Inc. appears in this matter so as to allow all the parties to participate in the requested depositions.  The additional time is also needed to coordinate the schedules of the multitude of counsel Defendant SeeBeyond with that of the Plaintiff's counsel.  In addition, at least two of the witnesses identified herein are no longer employed by the Defendants, and Claredi has been informed it will have to subpoena these witnesses to secure their deposition.  Finally these witnesses are located

in various cities throughout the United States, and travel arrangements must be taken into consideration in coordinating these depositions.

The requested extension will not delay the trial of this matter as trial is not set until **October 10, 2006.** Additionally the discovery deadline in this matter is not until **May 19, 2006.** The deadline for filing motions to dismiss or motions for summary judgment is not until **June 1, 2006, with opposition briefs allowed to be filed up to July 3, 2006.** Claredi needs to be provided the discovery addressed in the attached declaration to demonstrate the nature of the wrongdoing for which SeeBeyond is seeking to escape liability under its claim that the acts of SeeBeyond at issue are protected by the contractual limitation of liability clause in the parties' agreement. This will allow Claredi to demonstrate that the acts of wrongdoing complained of by Claredi in this matter are the types of acts which, under California law, require the contractual limitation of liability clause in the agreement to be declared unenforceable.

**WHEREFORE,** Plaintiff respectfully request the Motion of Defendant SeeBeyond Technology to Dismiss First Amended Complaint and for Summary Judgment be denied.

Respectfully Submitted,

**ROBERTS, CUNNINGHAM &
STRIPLING, LLP**

By:   /s/ H.N. Cunningham, III
Texas Bar Number: 05246900
800 Preston Commons West
8117 Preston Road
Dallas, Texas 75225
(214) 696-3200
(214) 696-5971 facsimile

**BLACKWELL SANDERS**
**PEPER MARTIN LLP**
Michael A. Clithero, #2829
720 Olive Street, Suite 2400
St. Louis, Missouri 63101
(314) 345-6000
(314) 345-6060 facsimile

**ATTORNEYS FOR PLAINTIFF**
**CLAREDI CORPORATION**