IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CLAREDI CORPORATION | § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 4-04CV01304RWS |
| SEEBEYOND TECHNOLOGY CORPORATION and EDIFECS | § § § § | |
| Defendants, | | |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS AT ISSUE**

The following are facts to which Plaintiff contends a genuine issue exists:

(1) Did Defendant make a wrongful disposition of Plaintiff's property rights in the Grandfather HIPAA testing system. Declaration Under Penalty of Perjury of Dr. Kepa Zubeldia in Opposition to Defendant's Motion to Dismiss and Partial Summary Judgment p. 5 ¶ 8 (3), p. 6, ¶ 8 (4)(5)(7) (hereinafter referred to as "Zubeldia Declaration"). The Zubeldia Declaration is attached to this Statement of Material Facts at Issue as Exhibit 1.

(2) A complete and accurate photocopy of the Development & Marketing Agreement (hereinafter referred to as "The Agreement"). The "Agreement" is attached to the Zubeldia Declaration as Exhibit 1-A.

(3) Was Plaintiff damaged by Defendants wrongful disposition of Plaintiff's property rights in the HIPAA testing systems. Zubeldia Declaration p.6 ¶ 8 (5), ¶ 9; p. 7 ¶ 9, ¶ 10; p. 8, ¶ 11.

(4) Did Defendant offer HIPAA testing systems at little or no cost. *Id.* p.6, ¶ 10.

(5) Did Defendant offer HIPAA testing systems at less than cost or give them away for the purpose of injuring Plaintiff or destroying competition. *Id.* p.6 ¶ 8 (5),; p.7 ¶ 10.

(6) Is Plaintiff a competitor of Defendant. *Id.* pp.2-3, ¶ 4.

(7) Did Defendant offer HIPAA testing systems in violation of the California Unfair Practices Act. *Id.* p. 6, ¶ 8 (5).

(8) Did Defendant jointly participate or collude (conspire) with others to offer HIPAA testing systems at less than cost or give them away for the purpose of injuring Plaintiff or destroying competition in violation of the California Unfair Practices Act. *Id.* p. 6, ¶ 8 (5).

(9) Did Plaintiff have economic relationships with third parties. *Id.* pp. 6-7, ¶ 10.

(10) Did an intentional wrongful act on the part of Defendant disrupt any of Plaintiff's relationships with third parties. *Id.* p. 6, ¶ 8 (5); pp. 6-7 ¶10.

(11) Do the circumstances in this case cause an exclusive or limited remedy to fail of its essential purpose. pp. 4-5, ¶ 5 (1)(2)(3)(4)(5)(6); pp. 5-6 ¶ 8 (1)(2)(3)(4)(5)(6)(7); p. 6 ¶ 9.

(12) Is the limitation or exclusion of consequential damages in this case unconscionable. Zubeldia Declaration pp. 1-8.

(13) If Defendant breached its agreement with Plaintiff was that breach fundamental. pp. 4-5, ¶ 5 (1)(2)(3)(4)(5)(6); pp. 5-6 ¶ 8 (1)(2)(3)(4)(5)(6)(7); p. 6 ¶ 9.

(14) Did Defendant acquire an interest in any money or property, real or personal, by means of an unlawful business practice. pp. 5-6 ¶ 8 (3)(4)(5)(7); pp. 6-7 ¶ 10.

(15) Did Defendant commit an intentional tort. 5-6 ¶ 8 (3)(4)(5)(7); pp. 6-7 ¶ 10.

(16) Did SeeBeyond market a product known as e*Xchange for HIPAA that contained functionality to assist customers in the health care field. See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 7. Zubeldia Declaration p. 3, ¶ 4.

(17) What year was Claredi founded. See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 9. Zubeldia Declaration p. 1, ¶ 1.

(18) Were Richard Levy and Reed Henry part of the group that negotiated the business side of the D&M agreement. See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 12. Zubeldia Declaration p. 3, ¶ 4.

(19) Was Ms Genovese the primary author of the initial draft of the D&M agreement on behalf of SeeBeyond. See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 12. Zubeldia Declaration p. 2, ¶ 3.

(20) Did Price Waterhouse Coopers represent both SeeBeyond and Plaintiff. See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 15. Zubeldia Declaration p. 3, ¶ 4.

(21) Is Mr. Zubeldia a tenacious negotiator. See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 17.

(22) Did Mr. Zubeldia shut down negotiations on any occasion. See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 17. Zubeldia Declaration p. 4, ¶ 5.

(23) After arms-length negotiations, SeeBeyond and plaintiff executed the Agreement on or about November 21, 2002. A complete and accurate photocopy of the Agreement is attached to the Zubeldia Declaration as Exhibit 1-A. See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION ¶ 18.

(24) What sections of the agreement are damages due under. See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 19. The Agreement ¶ 7.3.

(25) Did SeeBeyond want the damages limitation clause included in the Agreement to limit SeeBeyond's risk if SeeBeyond was sued for any cause of action, whether in negligence, contract, or otherwise, arising out of or in connection with the Agreement. See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 20. Zubeldia Declaration p. 2-3, ¶ 4.

(26) Was SeeBeyond's willingness to pay plaintiff a large initial payment of $750,000 due to the agreement limiting SeeBeyond's exposure to damages. See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 21. Zubeldia Declaration pp. 2-3, ¶ 4.

(27) Does the damages limitation clause in the D&M Agreement benefit the plaintiff in the same way it benefits SeeBeyond. See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 22. The Agreement ¶ 7.3.

(28) Does the D&M Agreement refer to SeeBeyond's integration software products as the "SeeBeyond Programs". STATEMENT OF

UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 23. The Agreement ¶ 1.19.

(29) Does the Agreement define the "Developed Product" as the interfaces, developed by plaintiff, that enable the integration of plaintiff's Faciledi product with the SeeBeyond programs. See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 25. The Agreement ¶ 1.5.

(30) Did SeeBeyond cooperate with Plaintiff in developing a written marketing plan as required by the D&M Agreement. See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 32. The Agreement ¶ 10.1.3.

(31) Did the Agreement give plaintiff the right to develop software programs or products that perform the same or similar functions as do SeeBeyond's products, and vice versa. See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 47. Zubeldia Declaration p. 4, ¶ 4. The Agreement ¶ 3.8.3.

(32) Does the Agreement permit SeeBeyond to develop or obtain "currently or in the future"… "technologies or products and related information…that may be similar to the products licensed and developed pursuant to" the

D&M Agreement. See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 48. Zubeldia Declaration p. 4, ¶ 4. The Agreement ¶ 3.8.3.

(33) Does the Agreement prohibit "in any way either party's ability to develop internally technologies or products, or have products developed for it, that compete with the other party's products and/or related products," and what provisions of the D&M agreement apply. See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 49. Zubeldia Declaration p. 4, ¶ 4. The Agreement ¶ 3.8.3.

(34) Was Plaintiff required to load the Integrated Product on the standard hardware specified by SeeBeyond. See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 58. The Agreement Exhibit B, ¶ 1.1.2.

(35) Was the Plaintiff required to provide "a subset of the Integrated Product" to "any such licensee who refuses to purchase the Integrated Product" for $10,000 per year. See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 61. Zubeldia Declaration p.5 ¶ 5 (5). The Agreement Exhibit B p. 2 (2.2.3).

(36) Did SeeBeyond accept the Faciledi product into beta testing and pay the plaintiff the balance due on the Initial Fee, Two Hundred, Fifty Thousand Dollars ($250,000) even though SeeBeyond claims there were substantial problems with plaintiff's product. See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 78. Zubeldia Declaration p. 8, ¶ 12.

(37) What amount does SeeBeyond currently owe in "On-Going Payments". See STATEMENT OF UNCONTROVERTED MATERIAL FACTS OF DEFENDANT SEEBEYOND TECHNOLOGY CORPORATION, ¶ 81. p. 6, ¶ 8 (6).

Respectfully Submitted,

**ROBERTS, CUNNINGHAM & STRIPLING, LLP**

By: /s/ H.N. Cunningham, III
Texas Bar Number: 05246900
800 Preston Commons West
8117 Preston Road
Dallas, Texas 75225
(214) 696-3200
(214) 696-5971 facsimile

**BLACKWELL SANDERS PEPER MARTIN LLP**
Michael A. Clithero, #2829
720 Olive Street, Suite 2400
St. Louis, Missouri 63101
(314) 345-6000
(314) 345-6060 facsimile

**ATTORNEYS FOR PLAINTIFF CLAREDI CORPORATION**