IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CLAREDI CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:04CV1304 RWS |
| | ) | |
| SEEBEYOND TECHNOLOGY | ) | |
| CORPORATION and EDIFECS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This action arises out of Plaintiff Claredi Corporation's contract with Defendant SeeBeyond Technology Corporation. Claredi alleges that Defendant Edifecs Inc.s' tortious activities interfered with the contract and induced the breach of that contract. Edifecs moves for dismissal of Claredi's complaint for lack of personal jurisdiction and improper venue. Claredi responds that Edifecs has subjected itself to this Court's jurisdiction by transacting a limited amount of business and marketing its products in Missouri. Most of Claredi's claims against Edifecs have no connection with the state of Missouri. Claredi's claim of unfair competition has a tenuous connection with Missouri. As a result, personal jurisdiction over Edifecs is lacking in this law suit. I will grant Edifecs motion to dismiss the claims against it.

*Legal Standard*

The plaintiff bears the burden to show that jurisdiction exists. Watlow Elec. Mfg. v. Patch Rubber Co., 838 F.2d 999, 1000 (8th Cir. 1988). A prima facie showing of personal jurisdiction over the defendant defeats a motion to dismiss for lack of personal jurisdiction. Lakin v. Prudential Secs., Inc., 348 F.3d 704, 707 n.3 (8th Cir. 2003). Affidavits and exhibits supplied by

the parties are considered in evaluating the plaintiff's prima facie case. Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072-73 (8th Cir. 2004). When there is no evidentiary hearing, the facts are viewed in the light most favorable to the plaintiff, and all factual conflicts are resolved in the plaintiff's favor. Lakin, 348 F.3d at 706.

*Factual Background*

Plaintiff Claredi and Defendants SeeBeyond and Edifecs are software companies headquartered in Utah, California, and Washington, respectively. All parties are in the business of providing software to healthcare entities. The controversy in this case revolves around software products that test for compliance with the Health Insurance Portability and Accountability Act's (HIPAA) electronic data interchange standards. Claredi alleges that it contracted to provide a version of its compliance software to SeeBeyond customers for a set fee; in return, SeeBeyond agreed to use its best efforts to persuade those customers to purchase a more robust Claredi product called Faciledi. Claredi alleges, among other claims against SeeBeyond, that SeeBeyond has instructed its customers not to purchase Faciledi contrary to the agreement, and therefore has breached its contract.

Claredi alleges that Edifecs has used unlawful and deceptive measures to obtain trade secrets regarding the Faciledi product. Claredi claims that Edifecs has used those secrets to create a substitute product, and that it has used the substitute product to compete with and take business from Claredi. This includes providing SeeBeyond customers with free copies of the duplicate product "for the purpose of putting Claredi out of business." Claredi alleges the following six causes of action against Edifecs based on these facts: misappropriation of trade secrets, unfair competition, intentional interference with a prospective economic advantage,

intentional interference with contractual relations, inducing breach of contract, and civil conspiracy.

*Discussion*

I. General Jurisdiction

Claredi contends that Edifecs has sufficient contacts with Missouri that general jurisdiction over Edifecs ( jurisdiction over any and all claims against Edifecs) is proper. "In a diversity action, a federal court may assume jurisdiction over nonresident defendants only to the extent permitted by the [law] of the forum state, and by the Due Process Clause." Dever, 380 F.3d at 1073; Fed. R. Civ. P. 4(e). The limits of general jurisdiction over a nonresident defendant under Missouri law and under the Due Process Clause are the same. Missouri courts have found general jurisdiction over a nonresident defendant appropriate in some cases:

> The Missouri Supreme Court has long held that a 'foreign corporation present and conducting substantial business in Missouri' is subject to the jurisdiction of Missouri courts. State ex rel. K-Mart Corp. v. Holliger, 986 S.W.2d 165, 167 (Mo. 1999) (en banc) (citing cases holding the same from 1907 forward). Missouri courts have interpreted the phrase 'present and conducting substantial business' to mean that jurisdiction will be established if a non-resident corporation has 'substantial' and 'continuous' contacts with the State of Missouri. Sloan-Roberts v. Morse Chevrolet, Inc., 44 S.W.3d 402, 409 (Mo.Ct.App. 2001) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 318, 66 S.Ct. 154, 90 L.Ed. 95 (1945)); see also Shouse v. RFB Constr. Co., Inc., 10 S.W.3d 189, 193 (Mo.Ct.App. 1999).

Lakin, 343 F.3d at 707. Under Missouri law, jurisdiction over a nonresident defendant may be established only by showing substantial and continuous contacts of the defendant with Missouri. Likewise, the Due Process Clause requires "substantial and continuous" contacts with the forum for the exercise of general jurisdiction. Perkins v. Benguet Consol. Min. Co., 342 U.S. 437, 438, 445 (1952); see also Helicopteros Nacionales de Colombia, S.A. v. Hall 466 U.S. 408, 414, 418-

19 (1984) (affirming the Perkins standard while holding that the facts of the case did not support general jurisdiction).

Edifecs states, and Claredi has not challenged, that Edifecs has eight clients in Missouri. It markets its products in Missouri through a web site, direct contact with potential clients, and sponsorship of an industry association. This is the extent of the information present in the record regarding Edifecs' contacts with Missouri. The mere fact that Edifecs has eight clients in Missouri does not establish substantial contacts. Even taking its marketing efforts into account, Edifecs' contacts do not approach the level where general jurisdiction has been authorized under Missouri law or under the Due Process Clause. See K-Mart, 986 S.W.2d at 166-69 (finding general jurisdiction where defendant corporation was registered in forum and operated retail stores in forum); Dever, 380 F.3d at 1075 (finding general jurisdiction where defendant corporation was registered, employed workers, owned and leased property, and had a designated agent for service of process in forum); Perkins, 342 U.S. at 438, (1952) (finding general jurisdiction where general manager and principal stockholder of defendant corporation lived, kept office files, maintained correspondence relating to company business and employees, paid company employees' salaries, kept company funds in bank accounts, conducted a stock transfer, and held directors' meetings in forum state); see also Lakin, 348 F.3d at 712-14 (finding possibility of showing general jurisdiction where defendant federally-chartered savings bank had ten million dollars in outstanding loans to homeowners in forum state, presumably entailing liens on hundreds or thousands of pieces of property in the forum state, and maintained a website allowing loan applications to be filed from the forum state.) General jurisdiction over Edifecs is unfounded. The record in this case does not support a finding of substantial and continuous

contacts between Edifecs and Missouri. The Due Process Clause would bar general jurisdiction on this record. The level of contacts required to establish general jurisdiction over unregistered, non-resident corporations is high, and Claredi has not reached it with the facts presented.

II. Specific Jurisdiction

Claredi claims alternately that Edifecs' contacts with Missouri give rise to its claims against Edifecs, and so specific jurisdiction over those claims in this forum is appropriate. Like general jurisdiction, specific jurisdiction is limited by the law of the forum state and by the Due Process Clause. Dever, 380 F.3d at 1073; Fed. R. Civ. P. 4(e).

The relevant part of Missouri's long-arm statute provides that:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:
(1) The transaction of any business within this state;
. . .
(3) The commission of a tortious act within this state;
. . .
3. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.
Mo.Rev.Stat. § 506.500 (2003).

The Missouri Supreme Court has held that the "ultimate objective [of the long-arm statute] was to extend the jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States." State ex rel Deere and Co. v. Pinnell, 454 S.W.2d 889, 892 (Mo. 1970) (en banc). Accordingly, Missouri courts have interpreted the statute broadly to cover those cases where the Due Process Clause permits the assertion of personal jurisdiction, within

the categories enumerated by the statute.  State ex rel. Newport v. Wiesman, 627 S.W.2d 874, 876 (Mo. 1982) (en banc); Lakin, 348 F.3d at 707.

Jurisdiction under the Due Process Clause is appropriate only where a defendant has contacts with the forum state that are more than random, fortuitous, or attenuated, such that summoning the defendant would not offend traditional notions of fair play and substantial justice. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).  The central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should reasonably anticipate being haled into court there.  Id. at 475.  The Eighth Circuit has developed a test of when jurisdiction is appropriate under the Due Process Clause. Five factors are considered:

> (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of contacts; (3) the relationship between the cause of action and the contacts; (4) the forum state's interest in providing a forum for its residents; and (5) the convenience of the parties. The first three factors are closely related and are of primary importance, while the last two factors are secondary.

Pecoraro v. Sky Ranch for Boys, Inc. 340 F.3d 558, 562 (8th Cir. 2003).  In considering specific jurisdiction, the third factor, the relationship between the cause of action and the defendant's contacts with the forum state, is crucial.  Burlington Industries, Inc. v. Maples Industries, Inc., 97 F.3d 1100, 1102-03 (8th Cir. 1996).

In order to establish personal jurisdiction over Edifecs, Claredi must show for each cause of action against Edifecs that Edifecs has either committed the tortious act in Missouri or transacted business in Missouri giving rise to the claim.[1]

---

[1]While the tortious act component of the Missouri statute may permit jurisdiction when actions outside the state by happenstance cause effects within it, see May Dept. Stores Co. v. Wilansky, 900 F.Supp. 1154, 1161 (E.D.Mo. 1995) and cited cases, when some of the effects of a

### A. Misappropriation of Trade Secrets

Claredi alleges that Edifecs obtained a subscription to its services under false pretenses, sent an employee to a Claredi user conference under a false name, and downloaded Claredi error reports without permission. Claredi alleges that these materials constituted confidential and proprietary business information. Claredi does not allege in its complaint or affidavits that any of these activities took place in Missouri. Because Edifecs competes for business in Missouri, it may be the case that some portion of the damage to Claredi from these actions is remotely related to Missouri. When the only connection between the forum state and the cause of action is the location by happenstance of some portion of the damages, due process does not permit the exercise of jurisdiction over a nonresident defendant. May Dept. Stores, 900 F.Supp. at 1161.

### B. Intentional Interference With A Prospective Economic Advantage

Claredi alleges that Edifecs has interfered with its economic advantages related to its HIPAA-compliance software clients. These clients include a single Missouri entity: Magellan Health's Missouri office.

The Chief Executive Officer of Claredi, Dr. Kepa Zubeldia, asserts that "Edifecs *apparently* offered SeeBeyond to make HIPAA transaction compliance testing software available free to Magellan Health as a licensee of SeeBeyond," and that "[i]t is *my understanding* that Edifecs has agreed to replace the two limited functionality systems at Magellan Health for free." Zubeldia Dec. at ¶ 7 (emphasis added). These statements are inferences drawn by Dr. Zubeldia, not facts. Although all facts should be viewed in the light most favorable to Claredi Dr.

---

tort are the only connection tying it to the forum, specific jurisdiction is improper under the Due Process Clause. Id.

Zubeldia's inferences are not entitled to such favorable consideration.

Dr. Zubeldia also states that an internal SeeBeyond e-mail contained in his Appendix B "references an agreement [between Edifecs and SeeBeyond] for free software to replace [Claredi] systems, which includes the two systems at Magellan in Missouri." Id. However, the agreement mentioned in the e-mail pertains to a single client only, and that client is not Magellan.

Magellan is a client of SeeBeyond, and continues to use the version of Claredi HIPAA-compliance software provided under the SeeBeyond-Claredi agreement. Zubeldia decl. at ¶ 7. Although Edifecs and Magellan have communicated about an Edifecs HIPAA-compliance product, Singh supplemental decl. at ¶ 9, Magellan continues to use the Claredi product. Dr. Zubeldia's affidavit and exhibits do not support an inference that Edifecs has caused Claredi to lose any financial advantage in Missouri. It does not in fact appear that Claredi has sustained any loss related to its prospective economic advantages in Missouri. Personal jurisdiction has not been established for this claim.

### C. Intentional Interference With Contractual Relations and Inducing Breach of Contract

Claredi alleges that Edifecs knowingly, intentionally, and without justification induced SeeBeyond to breach the SeeBeyond-Claredi agreement, or that short of inducing a breach, Edifecs otherwise interfered with and damaged the contractual relations between the companies. The contract at issue was not formed in Missouri, and it does not appear from the pleadings and affidavits that any of the actions (meetings, negotiations, offers, etc.) constituting the alleged torts took place in Missouri. The only location specified for a meeting or communication between SeeBeyond and Edifecs is California. Zubeldia decl. at ¶ 9. Personal jurisdiction has not been established for this claim.

### D. Unfair Competition

As the basis for this claim Claredi's alleges that Edifecs is giving away its HIPAA compliance testing product for the purpose of injuring its competitors. Claredi alleges Edifecs activity has been targeted at clients of Claredi in Missouri. Such allegations are based on speculation and not fact. The sole customer identified with any supporting information is Magellan. I have already determined that such allegations concerning Edifecs' dealings with that company are not supported by fact. Personal jurisdiction has not been established for this claim.

### E. Civil Conspiracy

Claredi alleges that Edifecs and SeeBeyond conspired in the torts discussed above. None of these causes of action arises out of contacts between Edifecs and the forum, and there are no additional facts in the complaint or affidavits showing any additional connection between the alleged conspiracy and the forum. Personal jurisdiction has not been established for this claim.

*Conclusion*

Based upon the agreement between Claredi and SeeBeyond, I have jurisdiction over all of Claredi's numerous claims against SeeBeyond. Venue in St. Louis is based solely on the agreement's venue provision. It appears from the record that a very small part, if any, of the activities that gave rise to this law suit occurred in Missouri. Claredi's broad claims against Edifecs appear to have occurred outside of Missouri. Any relationship between Claredi's claims and Edifecs' activities in Missouri is tenuous at best or applies equally to every state where these two firms compete for business. It would be patently unfair under due process standards to require Edifecs to participate in this law suit when the only real claim to venue in St. Louis appears to be a contract provision between Claredi and SeeBeyond rather than any activities that

took place in Missouri. Although dismissin Edifecs from the suit may be inconvenient to Claredi, this inconvenience is a consequence of the SeeBeyond-Claredi agreement. Claredi negotiated this contract from a position of power and voluntarily entered into it. Zubeldia decl. at ¶ ¶ 5-7. Edifecs was not a party to that contract. In dismissing Edifecs from this suit, I have not left Claredi without a remedy as to that party. Claredi is free to pursue its claims against Edifecs in a proper forum. I find that the proper forum is not in this Court based on a lack of personal jurisdiction over Edifecs.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Edifecs, Inc.'s motion to dismiss for lack of personal jurisdiction and improper venue [#88] is **GRANTED**. The claims against Edifecs are dismissed from this lawsuit.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of October, 2005.