UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLAREDI CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV1304 RWS |
| ) | |
| SEEBEYOND TECHNOLOGY ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The Health Insurance Portability and Accountability Act (HIPAA) created rules and regulations concerning the protection of confidential medical records. These regulations cover the electronic data interchange between healthcare providers, payors and clearinghouses. Plaintiff Claredi Corporation creates and sells computer software and other services to these entities to help them ensure that they are in compliance with HIPAA's regulations. Defendant SeeBeyond Technology develops business integration software.

Claredi and SeeBeyond entered into an agreement to offer Claredi's HIPAA compliance testing software to SeeBeyond's customers. Claredi filed the present multi-claim law suit alleging that SeeBeyond breached the terms of the agreement. SeeBeyond has moved to dismiss several of the claims and has moved for partial summary judgment on the amount of damages at issue. Because Claredi's Complaint states claims under federal pleading standards the motion to dismiss will be denied on Claredi's claims for *quantum meruit*, conversion, unfair competition, intentional interference with a prospective economic advantage, and civil conspiracy. The motion will be granted for the claims of intentional interference with contractual relations and inducing breach of

contract. The motion for summary judgment will be denied because the limitation of liability sought by SeeBeyond is barred as a matter of California law.[1]

*Background*

Under HIPAA, businesses and healthcare providers must comply with federal regulations concerning the handling and dissemination of confidential healthcare records. Claredi provides "comprehensive [HIPAA] electronic data interchange [] transaction compliance testing to healthcare providers, payors, and clearinghouses to assist in their compliance with HIPAA." Claredi markets various systems and services to these entities including systems known as Claredi Classic, Faciledi, and Velocedi.

SeeBeyond develops and markets business integration software. According to Claredi's Complaint, SeeBeyond developed its own HIPAA compliance testing software but prematurely marketed and sold this software to its customers. SeeBeyond's software was not fully functional which led to customer complaints. In order to alleviate this problem SeeBeyond approached Claredi seeking its expertise in developing compliance testing software. Claredi and SeeBeyond entered into a Development and Marketing Agreement to develop and market HIPAA transaction compliance testing systems. According to Claredi's Compliant, under the Agreement Claredi was to provide its compliance testing systems to SeeBeyond and its customers. The Agreement also allowed Claredi to market its products to all of SeeBeyond's existing and new customers.

In its Complaint Claredi alleges that SeeBeyond breached the Agreement by modifying Claredi's compliance software and marketing it to SeeBeyond's new customers to the exclusion

---

[1] In a separate opinion I have granted Defendant Edifecs. Inc.'s motion to dismiss for lack of personal jurisdiction. Consequently the claims against Edifecs's have been dismissed from this law suit.

of Claredi's products. In addition, Claredi alleges that SeeBeyond reverse engineered Claredi's software and misappropriated trade secrets and confidential information, including error codes and messages. Claredi also alleges that its efforts to sell its products to SeeBeyond's customers have been frustrated because SeeBeyond is telling its customers not to use Claredi's compliance products. SeeBeyond is allegedly promising to provide its customers with compliance software, developed by SeeBeyond, at no charge.

Claredi's Complaint asserts claims for (1) breach of contract, (2) *quantum meruit*, (3) trademark infringement, (4) conversion, (5) misappropriation of trade secrets, (6) unfair competition, (7) intentional interference with a prospective economic advantage, (8) intentional interference with contractual relations, (9) inducing breach of contract, and (10) civil conspiracy.

SeeBeyond has moved under Fed. R. Civ. P. 12(b)(6) to dismiss Claredi's claims for *quantum meruit*, conversion, unfair competition, intentional interference with a prospective economic advantage, intentional interference with contractual relations, inducing breach of contract, and civil conspiracy. In addition, SeeBeyond seeks partial summary judgment regarding its potential liability in this action. SeeBeyond asserts that the Agreement specifically limits any recovery by Claredi to $14,400.

### *Legal standard*

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Claredi. Fed. R. Civ. P. (12)(b)(6); <u>Kohl v. Casson</u>, 5 F.3d 1141, 1148 (8th Cir. 1993). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to

relief.  Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993).

Unlike state courts which often require detailed statements of fact in a petition, the federal rules require only notice pleading.  Under Fed. R. Civ. P. 8(a) "a complaint must include only a short and plain statement of the claim showing that the pleader is entitled to relief.  Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir. 2002).

*Discussion*

The Agreement between Claredi and SeeBeyond specifies that any disputes arising out of or relating to the Agreement will be governed by California law.  In its motion to dismiss, SeeBeyond argues that several of Claredi's claims should be dismissed because they do not state claims under California law.

Specifically, SeeBeyond asserts that Claredi's claim for *quantum meruit* is not cognizable because a such a claim cannot serve as an alternative method to recover for a breach of an express contract.  Although Claredi may not recover under a *quantum meruit* theory where an express valid contract provides for an agreed compensation, Claredi is free to plead such a claim as an alternative theory of recovery.  See Fed. R. Civ. P. 8(a).  The measure of damages under this theory will be controlled by California law.

SeeBeyond seeks to dismiss the claim for conversion because it argues that Claredi failed to assert an ownership in the systems that were allegedly converted by SeeBeyond.  I find that the Complaint fairly asserts ownership by Claredi for federal pleading purposes.

Claredi's claim of unfair competition is based on California's Unfair Practices Act. SeeBeyond argues that this claim fails to assert that SeeBeyond committed any act in violation of the Act. Incorporated by reference in this claim, however, are paragraphs 8 through 36 of the Complaint. Paragraphs 25 and 26 clearly asserts that SeeBeyond was offering to provide customers with HIPAA compliance testing software free of charge. Such allegations satisfy the pleading requirements for an unfair competition claim.

SeeBeyond asserts that Claredi's claim for intentional interference with a prospective economic advantage is defective for failing to plead a particular element of that claim. Federal courts follow a notice pleading standard. The fact that Claredi did not allege a particular element of a claim for intentional interference simply allows SeeBeyond to seek such information in discovery. It does not warrant a dismissal of the claim.

The final three claims SeeBeyond seeks to dismiss are for intentional interference with contractual relations, inducing breach of contract, and civil conspiracy. The claims for intentional interference with contractual relations and inducing breach of contract are directed to Edifecs, Inc. These claims assert that Edifecs interfered with the contract between Claredi and SeeBeyond. Because Edifecs is no longer a defendant in this action these claims are no longer a part of this law suit. To the extent that these claims are directed to SeeBeyond they will be dismissed because under California law such claims cannot be asserted against a party to the contract. <u>Allied Equipment Corp. v. Litton Saudi Arabia Ltd.</u>, 869 P.2d 454, 459 (Cal. Ct. App. 1994).

Claredi's conspiracy claim asserts that "SeeBeyond and Edifecs agreed and intended to participate together in actions that constitute misappropriation of trade secrets, a breach of the

California Unfair Business Practices Act, and conversion." "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." 869 P.2d at 457. "By participation in a civil conspiracy, a coconspirator effectively adopts as his or her own the torts of other coconspirators within the ambit of the conspiracy. In this way, a coconspirator incurs tort liability co-equal with the immediate tortfeasors." Id.

SeeBeyond argues that Claredi's conspiracy claim should be dismissed because it is premised on breach of contract. The conspiracy claim, however, also focuses on the alleged unlawful activities of Edifecs beyond merely interfering with the contract. Claredi's Complaint alleges that Edifecs unlawfully obtained Claredi's confidential and proprietary business information, improperly gained access to some of Claredi's technologies, downloaded and wrongfully used Claredi error reports, and agreed to provide SeeBeyond's clients with HIPAA compliance testing software for free. Claredi's conspiracy claim seeks to impose liability upon SeeBeyond for adopting and acquiescing in Edifecs' allegedly unlawful activities. Such a pleading states a claim for conspiracy.

*Motion for partial summary judgment*

SeeBeyond has also moved for partial summary judgment on the issue of damages. SeeBeyond asserts that the Agreement limits its liability arising out of its relationship with Claredi to $14,400. SeeBeyond relies upon section 7.3 of the Agreement titled "Limitation of Damages and Liability." That section states in relevant part that "each party's liability to the other for all loss and damage whether in negligence, contract or otherwise, arising out of or in connection with this agreement shall in any event be limited so that SeeBeyond would be liable to pay Claredi no

more than the sum of the monies paid to SeeBeyond by Claredi under this agreement ..."(capitalization omitted).

The California Civil Code expressly invalidates any contract provision that seeks to exempt "anyone from responsibility for his own fraud, or willful injury to the person or property of another...." Cal. Civ. Code §1668, see also McQuirk v. Donnelly, 189 F.3d 793, 796 (9th Cir. 1999)(finding that California law invalidates a total contractual release from liability for intentional torts).

SeeBeyond acknowledges that California law bars contractual provisions that seek to completely exonerate a party from liability for intentional torts that arise from the contractual relationship. However, SeeBeyond argues that California law does not bar contractual provisions which merely *limit* liability for intentional torts rather than completely exempt liability for such actions. SeeBeyond asserts that section 7.3 of the Agreement permissibly limits the amount Claredi may recover from SeeBeyond for its alleged intentionally tortious activity. SeeBeyond claims that any recovery by Claredi is consequently limited to $14,400.

To support its position SeeBeyond relies on Farnham v. Superior Court, 70 Cal. Rptr.2d 85 (Ct. App. 1997). In Farnham, the court was presented with the issue of whether a waiver in an employment agreement precluded a claim for defamation against two individual defendants. Farnham sued his former employer and two of its directors, contending that the waiver violated Cal. Civ. Code § 1668. The court found that the waiver did not violate section1668 because the waiver only protected the directors from liability, not the corporation. Because Farnham retained his right to seek redress from the corporation, the contractual waiver was enforceable as to the directors.

SeeBeyond argues that Farnham stands for the proposition that a contractual limitation of liability for intentional torts, no matter how stringent, is lawful because only a complete exemption of liability is barred by section 1668. Farnham does not stand for such a proposition. In that case the court noted that the plaintiff had access to a full remedy for his claim against his corporate employer. (He had received a $500,000 award in arbitration against his employer on his defamation claim.) Moreover, the court in Farnham specifically limited its ruling to the claim of defamation. It "express[ed] no view about the validity of the "sole remedy" provision if Farnham's claim alleged fraud or some other intentional tort." 70 Cal. Rptr.2d at 90 n.7.

Unlike the plaintiff in Farnham, Claredi does not have access to a full remedy for its claims if a limitation is imposed on what it may recover from SeeBeyond. Claredi's alleges that SeeBeyond committed torts of trademark infringement, conversion, misappropriation of trade secrets, unfair competition, intentional interference with a prospective economic advantage, and conspiracy. All of these claims contain an element of a willful injury. The Farnham court specifically excluded such claims from its ruling.

Section 1668 prohibits the contractual avoidance of liability for willful injuries. Under SeeBeyond's reasoning, it could inflict any intentional tort it desired upon Claredi, inflicting untold damages upon that company, and avoid all liability by simply paying Claredi $14,400. Two problems arise with SeeBeyond's position. First, section 7.3 of the Agreement never even mentions the term "tort" nevertheless the term "intentional tort" in its limitation of liability provision. The section imposes a limitation of liability for damages caused by "negligence, contract or otherwise." To read the term "otherwise" to include intentional torts is tenuous. Second, even if the term were read so broadly, California law bars parties from contractually

avoiding damages for willful injuries as a matter of public and legal policy. A limitation of liability to $14,400 that SeeBeyond seeks for its own alleged willful injury to Claredi is tantamount to an avoidance of damages in light of the serious harm alleged by Claredi in its Complaint. I do not believe that California law, section 1668 in particular, can be construed to allow a party to a contract to inflict any intentional tort it desires upon the other party and limit its liability to some de minimis amount of damages. As a result I find that Claredi's claim for damages on its tort claims is not limited to $14,400 as asserted by SeeBeyond.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant SeeBeyond's motion to dismiss Claredi's claims for *quantum meruit*, conversion, unfair competition, intentional interference with a prospective economic advantage, and civil conspiracy [#69] is **DENIED**. SeeBeyond's motion to dismiss the claims for intentional interference with contractual relations and inducing breach of contract [#69] is **GRANTED**. SeeBeyond's motion for partial summary judgment is **DENIED**.

 

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of October, 2005.