UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLAREDI CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SEEBEYOND TECHNOLOGY )<br>CORPORATION, )<br>)<br>Defendant. ) | Case No. 4:04CV1304 RWS |

**MEMORANDUM AND ORDER**

Plaintiff Claredi Corporation has requested that I impose sanctions on Defendant SeeBeyond Technology Corporation for discovery abuses. After reviewing the record and holding several hearings I find that sanctions should be imposed against SeeBeyond for its failure to produce documents relevant to this case.

Claredi creates and sells computer software and other services to healthcare entities to help them ensure that they are in compliance with the Health Insurance Portability and Accountability Act's (HIPAA) regulations. Defendant SeeBeyond Technology Corporation develops business integration software.

Claredi alleges in its Complaint that SeeBeyond and Claredi entered into a Development and Marketing Agreement to develop and market HIPAA transaction compliance testing systems. According to Claredi's Compliant, under the agreement Claredi was to provide its compliance testing systems to SeeBeyond and its customers. The agreement also allowed Claredi to market its products to all of SeeBeyond's existing and new customers. Claredi filed the present multi-claim lawsuit alleging that SeeBeyond breached the terms of the agreement.

Discovery in this matter has been contentious. As of today's date, SeeBeyond has filed nine motions to compel. Claredi has filed six motions to compel, a motion to "reconvene the hearings on previous motions to compel and for sanctions" and a "supplemental submission for the hearings previously filed motions to compel and for sanctions." I have held multiple hearings on the motions to compel. Claredi's motions for sanctions has been addressed at some of those hearings. On February 26, 2007, I held a hearing dedicated to Claredi's request for sanctions.

The issue before me is whether SeeBeyond should be sanctioned for failing to produce documents. Specifically, Claredi seeks sanctions for SeeBeyond's failure to produce documents related to SeeBeyond's communications and agreements with third parties, most importantly, with Edifecs, Inc., a competitor of Claredi.

Claredi asserts in its Complaint that SeeBeyond breached a software production and marketing agreement between the parties. Claredi seeks to prove its allegations by showing that SeeBeyond entered agreements with Claredi's competitors (or sought to enter such agreements) that undermined the contract between Claredi and SeeBeyond.

Claredi has established a record that it had requested SeeBeyond to produce all of the communications and/or agreements between SeeBeyond and Edifecs. (See Claredi's third, fourth, and fifth motions to compel.) Claredi has also clearly established that SeeBeyond failed to produce hundreds of non-privileged documents (predominately e-mails) covered by its document request.

One of the most important documents at issue is a document Claredi calls a "memorandum of understanding" between SeeBeyond and Edifecs.[1] Claredi's believes that this

---

[1] SeeBeyond calls this document a "terms and conditions sheet."

document demonstrates that SeeBeyond entered into, or was attempting to enter into, an agreement with Edifecs which would undermine the contract between SeeBeyond and Claredi. Claredi first became aware that such a document might exist from an e-mail produced by SeeBeyond in discovery. This document was discussed at the hearing on May 10, 2006, of Claredi's fourth motion to compel.

At that hearing SeeBeyond's counsel Kenneth Mallin stated on the record that "there is no memorandum of understanding, written document, terms and conditions-- whatever type of document we want to call it -- that both Edifecs and SeeBeyond, or SeeBeyond alone or Edifecs alone signed. There is none." (Tr. pp.12-13) I asked if whether such an unsigned document was exchanged between SeeBeyond and Edifecs. Mr. Mallin replied that no such document was ever exchanged between SeeBeyond and Edifecs. (Tr. p. 13) He stated that although there was a terms and conditions sheet drafted internally by a SeeBeyond attorney, the business people at SeeBeyond did not like the document and it was never shared "outside of the SeeBeyond family." (Id.)

This type of document, if it existed, would be important evidence needed by Claredi to prove its case. A copy of this document was never provided to Claredi by SeeBeyond in discovery. It was apparently withheld as a privileged document. When Claredi first sought disclosure of this document based on a reference to the document in an e-mail between employees at SeeBeyond and Edifecs, SeeBeyond indicated that no such document existed. Claredi also sought other e-mails and documents from SeeBeyond related to its dealings with Edifecs that were referred to in documents produced by SeeBeyond. SeeBeyond's repeated position was that it had produced to Claredi all of the documents it had and that Claredi's counsel

must have overlooked documents that were responsive to his requests. As a result, Claredi's counsel had to re-review SeeBeyond's voluminous document production searching for documents that SeeBeyond represented had been disclosed.

Ultimately, Claredi's counsel sought discovery from Edifecs. Claredi obtained from Edifecs a draft copy of the memorandum of understanding between SeeBeyond and Edifecs. Despite SeeBeyond's representations to the Court that this document was never shared between SeeBeyond and Edifecs, it turns out that it had been. In addition, Claredi obtained from Edifecs hundreds of e-mails between Edifecs and SeeBeyond that were responsive to Claredi's document request to SeeBeyond. These document were never produced by SeeBeyond.

Claredi also asked SeeBeyond to produce its communications with healthcare customers identified as candidates for the "X12 HIPPA Validator in the Spread sheet." This information was discoverable. Claredi ultimately obtained, from a company named Intermountain Health Care, 420 e-mail strings between that entity and SeeBeyond. SeeBeyond failed to produce any of these e-mail strings.

At several hearings of the motions to compel and for sanctions, SeeBeyond's counsel stated that there was no harm in its failing to meet its discovery obligations because none of the documents that SeeBeyond failed to produce were material documents. I disagree. At a minimum, the draft memorandum of understanding document was certainly relevant and material. Nor do the Federal Rules of Civil Procedure grant a party the ability to independently determine which documents it believes are material and produce only those documents.

As a result, I find that SeeBeyond failed, without substantial justification, to disclose documents responsive to Claredi's document requests. SeeBeyond failure to disclose these

documents was not harmless. It forced Claredi's counsel to expend many hours re-reviewing documents and seeking discovery from third parties to obtain documents that should have been produced by SeeBeyond. SeeBeyond's discovery lapses also causes Claredi's counsel to be concerned about other relevant documents that may not have been produced based on SeeBeyond's less than candid production to date.[2] The cumulative result of SeeBeyond's failure to properly comply with Claredi's document requests has been an unusually lengthy delay of the discovery phase of this case.

I find that Claredi has appropriately requested sanctions, under Fed. R. Civ. P. 26(g)(3) and 37(c). The parties have fully briefed the issue of sanctions and I have held at least two hearings at which the parties argued their positions.

Claredi seeks sanctions in the amount of $317,170.18. This figure includes fees and expenses which Claredi asserts it incurred due to SeeBeyond's failure to comply with discovery. SeeBeyond counters that if the Court finds SeeBeyond unjustifiably failed to produce requested documents, sanctions should be limited to the fees identified in Exhibit A ($19,696.25) of its memorandum in opposition [Doc. # 243]. SeeBeyond states that these fees are clearly related to Claredi's motion to compel "relating to SeeBeyond's supplemental Edifec's production." Id. at 5.

SeeBeyond has also submitted an Exhibit B in which it identifies fees "potentially relating to Claredi's efforts to obtain SeeBeyond's supplemental Edifecs production" totaling

---

[2] Another issue percolating in the background of this litigation is whether laptop computers of SeeBeyond's business people and other databases have been scrubbed since the inception of this litigation leading to the loss of many potentially relevant documents. This is a very serious matter that I leave for the parties to fully address at a future date.

$34,247.50.

I have reviewed Claredi's submissions of its fees and expenses. I will award sanctions under Fed. R. Civ. P. 26(g)(3) and 37(c) against SeeBeyond in the amount of $53.943.75 (SeeByond's Exhibit A plus Exhibit B). I find that these fees reflect reasonable hourly rates that were reasonably expended to cure SeeBeyond's unjustified failure to disclose documents.

In addition, I find that SeeBeyond has been far less than diligent in its efforts to respond to Claredi's discovery requests. SeeBeyond's first retained counsel in this matter were disrespectful to the Court and obstructionist in their approach to discovery in this case. SeeBeyond's present counsel, while paying lip service to diligent and co-operative discovery efforts, has submitted briefs in opposition to Claredi's motions to compel which claim that Claredi is filing frivolous motions. SeeBeyond's opposition briefs suggest to the reader that Claredi's motions to compel are merely a boy crying wolf, unnecessarily taking up the Court's time on baseless accusations.

I, however, have found Claredi's motions to be well taken and SeeBeyond's discovery compliance to be dilatory and inadequate. SeeBeyond's refusal to diligently obtain responsive documents from its employees and computer systems has needlessly increased the costs and duration of this case. SeeBeyond's overly narrow interpretation of my discovery orders has forced Claredi to file repeated motions to compel discovery which SeeBeyond should have produced as a matter of course. This case, filed on September 24, 2005, is still in the document production phase of discovery. SeeBeyond has yet to run appropriate searches on its archived database for responsive documents, a search that should have been completed long ago.

I find that SeeBeyond's discovery tactics established a failure to take the discovery

matters in this case seriously. As a result, I will order SeeBeyond to pay $20,000 to the Clerk of this Court as a sanction for unnecessarily prolonging and increasing the expense of this litigation.

Accordingly,

**IT IS HEREBY ORDERED that** Claredi's motion for sanctions against SeeBeyond [#224] is **GRANTED** in the amount of $53,943.75.

**IT IS FURTHER ORDERED that** SeeBeyond shall pay $20,000 to the Clerk of this Court as a sanction for its abuse of the discovery process.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2007.